IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AARON ALOYA, an Incapacitated Person, through his Guardian, Everlyn Kessel; EVERLYN KESSEL, Individually, and RANDALL ALOYA,<br><br>           Plaintiffs,<br><br>     vs.<br><br>SHOEI SAFETY HELMET CORP., a foreign corporation; SHOEI CO., LTD., a Japanese corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>           Defendants. | CIVIL NO. 14-00534-HG-BMK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

### FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Before this Court is Plaintiffs' Motion for Determination of Good Faith Settlement, filed August 19, 2015 ("Motion"). (Doc. 25.) Defendant SHOEI CO., LTD ("Defendant SHOEI") filed a Response memorandum on September 14, 2015. (Doc. 32.) Defendant SHOEI's Response stated that it did not object to the Motion. (Doc. 32 at 2-3.)

This matter came on for hearing on October 15, 2015. (Doc. 34.) Daniel P. Kirley, Esq. appeared on behalf of Plaintiffs; Mark K. Morita, Esq.

appeared on behalf of Defendant SHOEI and Defendant SHOEI SAFETY HELMET CORP. ("Defendant SSHC").[1] After careful consideration of the parties' submissions, the arguments of counsel, and the applicable law, the Court HEREBY RECOMMENDS that the Motion be GRANTED for the reasons set forth below.

## BACKGROUND

A.   Factual History

This product[2] liability case arises out of an October 7, 2012, motor vehicle collision near the intersection of 6th Avenue and Kilauea Avenue in Kaimuki, in the City and County of Honolulu, State of Hawaii. On that date, Plaintiffs allege that non-party Respondent KAORI ISOMURA ("Respondent ISOMURA") improperly turned her "Smart Car" into the right-of-way of a motorcycle being operated by Plaintiff AARON ALOYA and caused a collision. Plaintiffs allege that Plaintiff AARON ALOYA suffered serious brain injuries and other injuries as result of the incident.

At the time of the subject incident, Respondent ISOMURA qualified as an insured under two insurance policies: (1) Respondent ISOMURA's personal GEICO automobile liability insurance policy with a $300,000 policy limit, and (2)

---

[1] A stipulation dismissing Defendant SSHC from the action is currently pending approval and filing by the Court.
[2] The product in this case is the motorcycle helmet being worn by Plaintiff AARON ALOYA on the date of the subject incident.

a Fireman's Fund Insurance Company of Hawaii, Inc. ("Fireman's Fund") business automobile liability insurance policy insuring the "Smart Car" Respondent ISOMURA was driving at the time of the subject collision. The "Smart Car" was owned by non-party Respondent ICHIRIKI, INC. ("Respondent ICHIRIKI"), and the Fireman's Fund policy carried a $1,000,000 policy limit.

On or about February 26, 2013, Plaintiffs, GEICO, and Fireman's Fund settled Plaintiffs' claims against Respondent ISOMURA for the payment of $1,300,000, with said amount representing all liability policy limits under the two applicable insurance policies.

B.    Procedural History

Plaintiffs initiated this action against Defendant SSHC in the Circuit Court of the First Circuit, State of Hawaii, on September 24, 2014. On November 25, 2014, Defendant SSHC filed a Notice of Removal. On April 23, 2015, Plaintiffs filed a First Amended Complaint ("FAC") which added Defendant SHOEI as a named defendant. The FAC asserted the following claims: 1) negligence, 2) breach of express or implied warranties, 3) failure to warn, 4) negligent misrepresentation, 5) strict products liability, 6) strict products liability specific to defective design, and 7) loss of consortium / negligent infliction of emotional distress.

DISCUSSION

Plaintiffs filed the Motion pursuant to Hawaii's "good faith" settlement statute, Hawaii Revised Statutes ("HRS") § 663-15.5. In filing the Motion, Plaintiffs seek an order from the Court stating that Plaintiffs' policy limits settlement with Respondents ISOMURA and ICHIRIKI and the insurers was entered into in good faith. Under HRS § 663-15.5, if the Court determines that the settlement was entered into in good faith, then Defendant SSHC and/or Defendant SHOEI would be precluded from bringing any third-party claims[3] or other claims against Respondents ISOMURA and/or ICHIRIKI. In addition, a finding of good faith would result in Defendant SSHC and Defendant SHOEI benefiting from a monetary credit in the amount of the settlement - $1,300,000 - as against any future judgment against Defendant SSHC and/or Defendant SHOEI in the on-going product liability case.

A.  Hawaii Revised Statutes § 663-15.5 (2003)

> HRS § 663-15.5 provides in relevant part as follows:
>
> § 663-15.5.  Release; joint tortfeasors; co-obligors; good faith settlement.
>
> (a)    A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more

---

[3] To date, neither Defendant SSHC nor Defendant SHOEI have asserted any third-party claims or other claims versus Respondents ISOMURA and ICHIRIKI.

      joint tortfeasors, or to one of more co-obligors who are mutually subject to contribution rights, shall:

      (1)    Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;

      (2)    Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and

      (3)    Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

      . . .

(b)    For purposes of subsection (a), a party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors. . . .

      The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount.

      The notice, petition, and proposed order shall be served as provided by rules of court or by certified mail, return receipt requested. Proof of service shall be filed with the court. Within twenty-five days of the mailing of the notice, petition, and proposed order, a nonsettling alleged joint tortfeasor or co-obligor may file an objection to contest the good faith of the settlement. If none of the nonsettling alleged joint tortfeasors or co-obligors files an objection within the twenty-five days, the court may approve the settlement without a hearing. An objection by a nonsettling alleged joint tortfeasor or co-obligor shall be served upon all parties. A nonsettling alleged

>    joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.
>    . . .
> (c) The court may determine the issue of good faith for purposes of subsection (a) on the basis of affidavits or declarations served with the petition under subsection (a), and any affidavits or declarations filed in response. In the alternative, the court, in its discretion, may receive other evidence at a hearing.
>
> (d) A determination by the court that a settlement was made in good faith shall:
>
>    (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>    (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement. …

B.  <u>Troyer v. Adams</u>, 102 Hawaii 399, 77 P.3d 83 (2003)

In <u>Troyer v. Adams</u>, 102 Hawai`i 399, 77 P.3d 83 (2003), the Hawaii Supreme Court adopted the "totality of the circumstances" approach for trial courts to determine when a settlement is entered into in good faith under HRS § 663-15.5. In <u>Troyer</u>, the Court ruled as follows:

> In sum, we conclude that the legislature's goals of simplifying the procedures and reducing the costs associated with claims involving joint tortfeasors, while providing the courts with the opportunity to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests, are best served by leaving the determination of whether a settlement is in good faith to the sound discretion of the trial court in light of the totality of the circumstances surrounding the settlement.

> Thus, the trial court may consider the following factors to the extent that they are known at the time of settlement:
>
> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.
>
> The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith.

Troyer, 102 Hawaii at 427, 77 P.3d at 111.

In the present case, Defendant SHOEI filed a Response to the Motion which stated that Defendant SHOEI did not have an objection to the Motion. At the hearing of this matter, counsel for Defendant SSHC and Defendant SHOEI

confirmed that the defendants did not have any objection to the Motion. Given the lack of any objection, an exhaustive analysis of the factors in Troyer is not necessary. However, the Court did review all of the memoranda and exhibits submitted in this matter, and the Court finds and concludes that the policy limits settlement in this case was and is in "good faith" under HRS § 663-15.5, as the statute was interpreted by Troyer. In particular, the amount of consideration paid for the settlement, $1,300,000.00, is substantial, and represents policy limits. Defendants SSHC and SHOEI will benefit from a significant credit of $1,300,000.00 going forward in the case.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiffs' Motion for Determination of Good Faith Settlement, filed August 19, 2015, be GRANTED, and the subject settlement be found to be in good faith pursuant to HRS § 663-15.5

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 21, 2015.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge